IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL, | No. 2:22-CV-1493-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In the caption of his complaint, Plaintiff lists Jeff Lynch, the warden at California State Prison – Sacramento (CSP-Sac.), "and others" as defendants.  See ECF No. 1, pgs. 1, 2.  Later in the complaint, Plaintiff lists a number of "J. Doe" defendants as well as Pierce, a correctional lieutenant at CSP-Sac., and Lively, a correctional sergeant at CSP-Sac.  See id. at 2-5.  Plaintiff alleges three claims for relief as summarized below:

### Claim I

In his first claim, Plaintiff alleges a cruel and unusual punishment violation through deliberate indifference.  He contends that all Defendants failed to abide by and enforce the December 2021, January 2022, and February 2022 Program Status Reports (PSRs) that stated the prison's showers and telephones were to be disinfected after each use.  Id. at 7.  Plaintiff alleges that during this time, Covid-19 cases were on the rise in the building and yard, and by not abiding by or enforcing the PSRs, Defendants created an unsafe and unclean environment.  Id.  Plaintiff alleges Defendants Jeff Lynch and J. Doe #1 through #9 supported and/or encouraged the remaining Defendants' "deliberate, indifferent attitudes and conduct."  Id.  In turn, Plaintiff accuses Defendants J. Doe #10 through #28 of being deliberately indifferent to the harm caused by exposure to Covid-19, as they were directly responsible for the operation and running of building A3 (presumably, Plaintiff's building).  Id. at 7-8.  Specifically, Plaintiff alleges that Defendants J. Doe #10 through #27 were "aware of the seriousness of Covid-19" but still did not disinfect the showers and telephones.  Id. at 8.  Plaintiff contends that, as a result, he contracted

Covid-19 and suffered the following physical ailments: physical sickness, headaches, runny nose, severe and persistent coughs, sore throat, loss of energy and body pains. Id. He also claims he suffered severe emotional distress, mental anguish, psychological trauma and fogginess due to his severe coughing fits. Id.

### Claim II

Plaintiff's second claim revolves around events that occurred on January 21, 2022, when tower officers on second watch allegedly allowed an inmate who had tested positive for Covid-19 to move around the rotunda in building A3, and to enter the A and B sections multiple times before he was moved to the "C-yard." Id. at 9-10. Plaintiff alleges the officers were aware that the inmate had tested positive for Covid-19 because the medical officers and other officers notified the tower officers that the inmate was to be moved to the quarantine building. Id. The Plaintiff further alleges the tower officers did not have the sections disinfected or cleaned after the inmate who tested positive was allowed to enter the above areas. Id. Plaintiff believes that because of this, he and other inmates were exposed to and contracted Covid-19, and also alleges he suffered severe emotional distress, mental and psychological pain and suffering, and extreme paranoia and fear that Defendants were trying to kill Plaintiff by allowing the other inmate to move around the building, despite testing positive for Covid-19. Id. at 10-11. Though Plaintiff does not state which named defendants are involved in this second claim, he alleges that this constitutes deliberate indifference and was cruel and unusual punishment. Id. at 9.

### Claim III

Plaintiff's third and final claim alleges Defendants Lynch, and J. Doe #1 through #9, created unsafe and unsanitary conditions by quarantining buildings containing inmates who had contracted Covid-19, but allowing those inmates to remain in the building and use the showers and telephones without disinfecting them afterwards. Id. at 13. He alleges from December 2021 through February 2022, the aforementioned Defendants allowed those inmates who refused to take Covid test to interact with other inmates in the dayroom and yard, despite the fact that the former inmates were "on quarantine" and not supposed to mix with non-quarantined inmates. Id. Plaintiff further alleges that the aforementioned Defendants were not diligent in

"explaining and ensuring understanding of procedure of PSRs and the movement "program" for quarantined inmates to [Defendants J. Doe #10 through #27]. Id. Plaintiff also alleges Defendants J. Doe #10 through #27 were aware of the dangers presented by Covid-19, and "they had a responsibility to ensure there was no preventable and needless exposure." Id. at 13-14. Plaintiff claims he contracted Covid-19 because of Defendants' actions, making him physically sick, and suffer from severe and persistent coughing, sore throat, headaches, extreme fatigue, fever, mental and emotional pain and trauma, and severe emotional distress for fear of dying and worry of getting sick. Id. at 14. Plaintiff claims this constitutes deliberate indifference, and another violation of his right to be free from cruel and unusual punishment. Id. at 12.

## II. DISCUSSION

The Court finds that Plaintiff has stated cognizable Eighth Amendment claims in Claim I and Claim III as against Defendant Lynch. Plaintiff has not, however, alleged facts to link Defendants Pierce or Lively to an Eighth Amendment violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

/ / /

/ / /

Here, while Plaintiff lists Pierce and Lively as defendants, the complaint contains no factual allegations as to either individual's involvement in the claimed Eighth Amendment violations. To proceed against these defendants, Plaintiff must file an amended complaint which contains facts explaining their personal involvement.

Finally, the Court cannot authorize service on unnamed "J.Doe" individuals. To proceed as against unnamed "J. Doe" defendants, Plaintiff will be required to amend the complaint to include their names and specific factual allegations as to each named defendant. In the meantime, the Court will grant Plaintiff leave to amend as to his claims against Defendants Pierce and Lively.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: July 31, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE