IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL,<br><br>   Plaintiff,<br><br>   v.<br><br>JEFF LYNCH, et al.,<br><br>   Defendants. | No.  2:22-CV-1493-DAD-DMC-P<br><br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel and an extension of time to file an opposition to Defendant Lynch's motion to dismiss.  See ECF No. 22.

        Turning first to Plaintiff's request for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the

legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff states that appointment of counsel is appropriate in this case because he is incarcerated, untrained in the law, and being "bounced around" from prison to prison which limits his law library access. These are not exceptional circumstances but are common among inmate litigation civil rights suits in this Court. A review of the docket reflects that Plaintiff is able to sufficiently articulate himself. Further, the legal and factual issues in this case are not overly complex. Finally, at this early stage in the proceedings before an answer has been filed or any discovery conducted, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits. Plaintiff's request for counsel will be denied.

Turning to Plaintiff's request for additional time, good cause appearing therefor based on Plaintiff's declaration indicating the need for additional time due to various prison transfers which limit his access to the law library, Plaintiff's motion will be granted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for the appointment of counsel, ECF No. 22, is denied.

2. Plaintiff's request for an extension of time to file an opposition to Defendant Lynch's motion to dismiss, ECF No. 22, is GRANTED.

3. Plaintiff may file an opposition within 30 days of the date of this order.

Dated: February 28, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE