IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFF LYNCH.,<br><br>    Defendant. | No.  2:22-CV-1493-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendant's motion to dismiss (ECF No. 20), Plaintiff's oppositions (ECF No. 25), and Defendant's reply (ECF No. 20).  For the reasons explained below, the Court recommends the motion be granted and that Plaintiff be provided leave to amend.

    In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

1

factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

2

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

The Court previously screened Plaintiff's original complaint, finding and recommending that Plaintiff may proceed on his Eighth Amendment claims against Defendant Lynch, the prison warden, as alleged in Claim I and Claim III. See ECF No. 19. The Court also recommended that Plaintiff's Claim II against Defendant Lynch be dismissed and that Plaintiff's claims against Defendants Pierce and Lively be dismissed. See id. The District Judge adopted the findings and recommendations in full. See ECF No. 24.

### B. Plaintiff's Remaining Allegations

#### Claim I

Plaintiff alleges Defendant violated the Eighth Amendment by subjecting Plaintiff to unsafe living conditions. See ECF No. 1 at 6. The complaint details that Defendant failed to enforce policies that required disinfecting showers and telephones after each use. See id. at 7. Defendant signed Program Status Reports (PSRs) in December 2021, January 2022, and February 2022, each mandating the cleaning. See id. According to Plaintiff, there were constant increases of Covid-19 cases in Plaintiff's building and yard, which should have put Defendant on notice that something was wrong. Id. Plaintiff alleges Defendant should have done more to see if the PSRs were being followed. Id.

#### Claim III

Plaintiff again alleges Defendant violated the Eighth Amendment by subjecting Plaintiff to unsafe living conditions. See ECF No. 1 at 12. The complaint outlines how Defendant created unsafe and unsanitary living conditions by allowing inmates who tested positive for Covid-19 to stay in their buildings. Id. at 13. While the building was placed on quarantine, sick inmates used the same showers and telephones as other inmates. Id. The

showers and telephones were not disinfected afterwards, as alleged above. Id.

Plaintiff claims that Defendant also allowed inmates who refused to take Covid-19 tests to interact with other inmates in the dayroom and yard, even though the former inmates were "on quarantine" and not supposed to mix with non-quarantined inmates. Id. Plaintiff alleges that Defendant was not diligent in explaining and ensuring understanding by staff of the PSRs and the procedures for quarantined inmates. Id.

## II. DISCUSSION

Defendant argues that the action should be dismissed because: (1) Plaintiff fails to sufficiently tie the allegedly substandard conditions to the actions of Defendant: and (2) Plaintiff has not alleged facts from which an inference could be drawn that a substantial risk of serious harm to Plaintiff existed. See ECF No. 20.

  A. **Defendant cannot be held liable for failure to enforce policies because Plaintiff does not allege facts sufficient to establish a causal link between such failure and a violation of Plaintiff's constitutional rights**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in

1    civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

2    Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

3    official's own individual actions, has violated the constitution."  See Ashcroft v. Iqbal, 556 U.S.

4    662, 676 (2009).

5           Plaintiff's complaint frames Defendant as negligent in enforcing policies.  See

6    ECF No. 1 at 7.  Plaintiff does not allege that Defendant actually participated in the alleged

7    violations.  See id.  Plaintiff suggests that Defendant should have inferred that the policies were

8    not being enforced because there were new occurrences of Covid-19 infections even after the

9    policies were implemented.  See id.  But such a conclusory allegation is insufficient to

10   demonstrate that Defendant knew of the violations and failed to act to prevent them.  See Ivey,

11   673 F.3d at 268.  Even if Defendant had such knowledge and failed to act, such failure would not

12   state a cognizable claim because Plaintiff has not established a causal link between the elements

13   of a § 1983 claim and harm to Plaintiff.  To the contrary, Plaintiff's complaint speaks in

14   generalities regarding exposure to Covid-19.

15        **B.**    **Defendant cannot be liable for creating a policy allowing inmates who tested positive for Covid-19 to mix with other inmates because he did not act unnecessarily and wantonly for the purpose of inflicting harm**

17          The treatment a prisoner receives in prison and the conditions under which the

18   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

19   and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

20   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

21   of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

22   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

23   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

24   "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

25   801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when

26   two requirements are met: (1) objectively, the official's act or omission must be so serious such

27   that it results in the denial of the minimal civilized measure of life's necessities; and (2)

28   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

Plaintiff argues that Defendant violated the Constitution by, notwithstanding the PSRs, allowing inmates who had Covid-19 to mix with inmates who did not have Covid-19.  See ECF No. 1 at 13.  Plaintiff recognizes in his complaint that Defendant took measures by implementing policies to mitigate the risk of Covid-19 spreading.  See id. at 7.  These measures demonstrate that Defendant was not acting unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Instead of attempting to inflict harm, Defendant was attempting to mitigate the threat of Covid-19. See ECF No. 1 at 7.  Even though Plaintiff may have wanted more protection, prison officials need only take reasonable steps to mitigate harm.  See Hoptowit, 682 F.2d at 1250-51.  Because Defendant took reasonable steps to mitigate the spread of Covid-19 by implementing the PSRs, the claim against him cannot survive as currently alleged. See id.

///

### III. CONCLUSION

Plaintiff's claims against Defendant Lynch, the prison warden, are couched in generalities and assumptions. Plaintiff generally alleges a failure to comply with the PSRs implemented by Lynch and assumes that he contracted Covid-19 a second time as a result. Plaintiff does not, however, allege facts showing that he in fact contracted Covid-19 a second time because of the conduct or non-conduct of Defendant Lynch. For example, though Plaintiff claims that quarantined inmates were allowed to house with non-quarantined inmates, Plaintiff does not allege that he himself was housed under such circumstances. Plaintiff should be provided an opportunity to amend to allege facts, if he can, showing how he was personally affected by a failure to follow the PSR guidelines implemented by Defendant Lynch.

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss, ECF No. 20, be GRANTED and that Plaintiff's complaint be DISMISSED with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 22, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE