UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-01493-DAD-DMC<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 29) |

Plaintiff Adam Randolph Powell is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 24, 2024, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed due to plaintiff' failure to prosecute. (Doc. No. 29.) Specifically, the magistrate judge concluded that plaintiff had failed to file an amended complaint by October 11, 2024 as directed by the court's September 11, 2024 order. (*Id.*)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 2.) On January 10, 2025, plaintiff filed a request for confirmation that the court had received his amended complaint in November 2024. (Doc. No. 30.) A response was sent to plaintiff notifying him that the court had not received any amended complaint in this action. (*Id.*) On March 17,

1

1   2025, plaintiff filed his objections to the pending findings and recommendations and a purported
2   first amended complaint. (Doc. Nos. 31, 32.) In his objections, plaintiff states that on August 3,
3   2024, he was transferred from CSP-Sacramento to Kern Valley State Prison. (Doc. No. 31 at 1.)
4   He states that though he had access to the law library while housed at CSP-Sacramento, he was
5   denied access to the law library at Kern Valley State Prison until the first week of November
6   2024. (*Id.*) Plaintiff states that he was consequently unable to make copies or conduct legal
7   research. (*Id.*) Additionally, he states that he "has had issues getting mail to the courts from"
8   Kern Valley State Prison. (*Id.*)

9         On March 26, 2025, defendant Jeff Lynch filed a document styled as an opposition to
10  plaintiff's request to file an untimely amended complaint. (Doc. No. 33.) Therein, defendant
11  Lynch contends that plaintiff's notice of change of address shows that he was not transferred to
12  Kern Valley State Prison in August 2024, but instead that plaintiff had already been housed at that
13  prison since August 14, 2023, over a year before plaintiff was directed to file an amended
14  complaint. (*Id.* at 3) (citing Doc. No. 11). Defendant Lynch further argues that contrary to
15  plaintiff's allegation that he had no access to the law library at Kern Valley State Prison, plaintiff
16  was able to file motions in this action. (*Id.*) (citing Doc. Nos. 22, 25.) Finally, defendant Lynch
17  argues that plaintiff's claim of being unable to access the law library since August 2024 is
18  contradicted by plaintiff's statement that he mailed an amended complaint to the court in
19  November 2024. (*Id.*)

20        Defendant's arguments summarized above misconstrue the docket and plaintiff's filings.
21  Defendant correctly notes that the docket in this action reflects that plaintiff's address of record
22  was changed from CSP-Sacramento to Kern Valley State Prison on August 14, 2023. (Doc.
23  No. 11.) However, defendant appears to have overlooked that on February 2, 2024, plaintiff filed
24  another notice of change of address, updating his address back to CSP-Sacramento. (*See* Doc.
25  No. 21.) Indeed, the motions cited by defendant above were all filed by plaintiff during this
26  interim period when he was housed at CSP-Sacramento, where he states he had access to the law
27  library. (*See* Doc. Nos. 22, 25.) The docket further reflects that on August 16, 2024, the Clerk of
28  the Court again updated plaintiff's address to Kern Valley State Prison pursuant to a filing by

plaintiff that same day in another action, *Powell v. Lynch*, No. 2:23-cv-02275-DAD-CSK (E.D. Cal.). Notably, the docket in that other action reflects that this change of address was made "pursuant to chambers request," i.e., not pursuant to any filing by plaintiff. Additionally, defendant misconstrues plaintiff's objections to the pending findings and recommendations. Plaintiff does not state that he has been denied access to the law library since August 2024, as defendant contends. Instead, plaintiff plainly states that he was denied law library access from August 3, 2024 until approximately the first week of November 2024. (Doc. No. 31 at 1.) This is entirely consistent with plaintiff requesting confirmation from the court that it received his amended complaint in November 2024. (*See* Doc. No. 30 at 1.)

The court credits plaintiff's representation that he has faced difficulties with access to the law library and mail system at Kern Valley State Prison. In this regard, the court notes that the magistrate judge previously granted plaintiff an extension of time to respond to defendant Lynch's motion to dismiss on the grounds that plaintiff had been "'bounced around' from prison to prison which limits his law library access." (Doc. No. 23 at 2.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections and defendant's opposition to those objections, the court will decline to adopt the pending findings and recommendations recommending that this action be dismissed due to plaintiff's failure to prosecute.

Accordingly:

1. The court declines to adopt the findings and recommendations issued on October 24, 2024 (Doc. No. 29);

2. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **May 7, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3