1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ADAM RANDOLPH POWELL,                    No.  2:22-CV-1493-DAD-DMC-P

12            Plaintiff,

13         v.                                   FINDINGS AND RECOMMENDATIONS

14    JEFF LYNCH,

15            Defendant.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  On August 15, 2025, the Court issued an order directing Plaintiff to do one of

19    the following within 30 days: (1) file a first amended complaint as against Defendant Lynch only

20    consistent with the District Judge's September 11, 2024, order; (2) file a first amended complaint

21    against Defendant Lynch and others based on Defendant's stipulation; or (3) file a motion for

22    leave to amend pursuant to Federal Rule of Civil Procedure 15.  See ECF No. 38.  To date,

23    Plaintiff has not complied despite having been previously warned that failure to comply with the

24    Court's orders could result in dismissal of the entire action.

25            The Court must weigh five factors before imposing the harsh sanction of dismissal.

26    See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal

27    Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are: (1) the public's interest in

28    expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of

                                                    1

1  prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;

2  and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52,

3  53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate

4  sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,

5  833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where

6  there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.

7  1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an

8  order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

9  1992).

10  Having considered these factors, and in light of Plaintiff's failure to comply with

11  the Court's prior orders, the Court finds that dismissal of this action is appropriate.

12  Based on the foregoing, the undersigned recommends that this action be dismissed,

13  without prejudice, for lack of prosecution and failure to comply with court rules and orders.

14  These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court.  Responses to objections shall be filed within 14 days after service of

18  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

19  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20

21  Dated:  October 10, 2025

22  DENNIS M. COTA
   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

2